## Whitney Transfer Co. v. Rigsby.

(Decided June 5, 1936.)

J. FRANK DENTON for appellant.

STOUT & HERDMAN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

A. M. Whitney, engaged in business as the Whitney Transfer Company, has appealed from a $1,385.63 judgment recovered against him by Clinton Rigsby for services rendered under a contract between them.

The making of the contract is admitted, but these men do not agree about the provisions of it. This was an oral contract, and these two men are the only ones who testify about its terms. Under such circumstances, we cannot disturb the chancellor's finding in that regard.

He found Rigsby was to be paid $35 per week and 10 per cent. of the excess if any of the net profits for 1930 over the net profits for 1929.

A correct understanding of this contract will best be reached by putting ourselves as nearly as we can in the position of the contracting parties when they made it. This contract was made just after Rigsby had finished making for Whitney an income tax return for 1929. The net profits for 1929 were shown by that report to be $7,403.56, therefore we shall take that as the basis from which the gain in profits in 1930 is to be estimated. That report was made upon the basis of receipts and expenditures during that year; hence these parties must have contemplated that the income for 1930 was to be determined in the same way.

Mr. Rigsby made up an income statement on that basis for the year 1930, and it showed a net profit of $19,712.86 or a gain of more than $12,000 over 1929.

Mr. Whitney disputed the correctness of these figures, and upon his insistence a firm of accountants was employed and that firm reported a net profit for 1930 of $19,860.14. The court adopted $19,712.86 as the net income for 1930, and calculated Mr. Rigsby's 10 per cent. upon that basis, added to that a balance he found due Rigsby on his salary, and thus reached the sum for which he gave judgment as stated in the outset.

Mr. Whitney insists the result reached is erroneous because he was forced to pay out in 1931, about $4,000 to settle claims for damages, then determined and paid but which claims grew out of the operations of 1930. In view of the fact that these reports were made upon the basis of reecipts and expenditures during the year, we conclude this item was properly excluded, and that the parties contemplated they were to be excluded when they made their contract.

Mr. Whitney contends that depreciation on the trucks should have been estimated at 30 per cent. in the year 1930, but in the year 1929 depreciation had been estimated at 20 per cent., and we conclude that was the basis they then contemplated would be used in estimating the depreciation in 1930, and that 20 per cent. was the proper basis to be used in the accounting between these parties.

Mr. Whitney wants to reduce these net profits by about $3,500 for bills payable, but if that were done it would also be right to increase it by about $3,700 for the bills receivable. Both these items were properly eliminated in view of the circumstances under which this contract was made.

We find no prejudicial **error** in the record, hence the judgment is affirmed.